### JEDEDIAH ESTES *vs.* BENJAMIN MANSFIELD.

If a claim by the indorsee against the maker of a negotiable promissory note is submitted to arbitration, with a provision that the award shall be in accordance with the law, and the right to recover depends upon the determination of the question whether the indorsee took the note before its maturity, an award in favor of the maker, which shows on its face that this question was not determined adversely to the indorsee, is invalid.

CONTRACT upon a promissory note for $125, signed by the defendant, and payable to Charles Estes or order in three months from date, and indorsed to the plaintiff. The answer alleged that the note was given for a horse sold by Charles Estes to the defendant, warranted sound, which proved unsound, and the note was indorsed after its maturity ; and that after the commencement of this action the parties submitted the case to arbitrators, with a provision that their award should be in accordance with the law, and evidence presented. The arbitrators awarded as follows :

" That as the testimony showed conclusively that the horse was purchased with the distinct understanding that it was sound in every particular, and with the express understanding, also, that if it was not sound it should not be considered a sale ; also, the testimony showed that the horse did not prove to be sound, and that when demand was made for the note, after maturity, Mansfield offered to let the said Estes have the horse for the note, stating that he should not keep the horse, as it was lame and had been lame ever since he had it in his possession; under these circumstances, it seems to the referees that the note was not valid, as there was really no sale. In regard to the matter of the said Estes' purchasing the note in good faith, it seems that, by the indorsement made by the original owner of the note, he will be held to make any loss good to the said Jedediah Estes. Therefore the referees decide that the said Mansfield shall as soon as possible deliver to the said Estes the horse for which he gave the note of $125, and the said Estes shall, on delivery of the horse by the said Mansfield, deliver to the said Mansfield the note given by him for said horse."

At the trial in the superior court, *Russell,* J. ruled that this award, the making of which was admitted, was no bar to the action ; and, no further defence being offered, directed a verdict for the plaintiff. The defendant alleged exceptions.

*J. P. Converse,* for the defendant.

*W. P. Harding,* for the plaintiff.

BIGELOW, C. J. The award is not a bar to the maintenance of this action. The authority of the arbitrators was expressly limited by the terms of the submission to the making of an award " in accordance with the law." This, very clearly, they have not done. They have wholly omitted to pass on the essential fact in issue — whether the plaintiff was the *bona fide* holder of the note declared on for value before its maturity — on which the right of the defendant to resist payment of the note in the hands of the plaintiff entirely depended. Instead of finding this fact, they seem to have assumed its existence; and in lieu of making a proper application of the rule of law to such fact, if proved, by making an award in favor of the plaintiff for the amount of the note with interest, they have made an award in favor of the defendant, leaving the plaintiff to seek a remedy if any he has, against his indorser, for transferring to him a note against which the promisor might have had a valid defence in a suit brought by the payee. This was manifestly a gross mistake of law, which led the arbitrators to decide the case on a false issue. On well settled principles, the award is void. *Boston Water Power Co.* v. *Gray,* 6 Met. 131, 167.

*Exceptions overruled.*